[Civ. No. 15804. Second Dist., Div. Three. June 20, 1947.]

D. W. GEISELMAN, Appellant, v. MAY ISABEL CAMP-BELL-JOHNSTON et al., Respondents.

Richard B. Newton and William P. Gray for Appellant.

Peter J. Youngdahl, Thomas P. Cruce, Berger & Irell and Clinton F. Seccombe for Respondents.

SHINN, Acting P. J.—The second amended complaint in this action is denominated one for specific performance, accounting, establishment of a trust, and for damages for fraud. When the verbose and redundant allegations of its four separate causes of action are sifted for matter of substance, there remain only allegations to the following effect: that May Isabel Campbell-Johnston owned Tract No. 12955 in the city of Redondo Beach, county of Los Angeles, State of California, consisting of 187 town lots; that on or about March 18, 1943, she agreed in writing to sell the tract to plaintiff for $14,600, of which $600 was to be paid in cash and the balance by assumption of a trust deed indebtedness on the property of $14,000; that plaintiff paid said defendant $600, demanded a conveyance, which was refused, and that plaintiff has been damaged in the sum of $37,400. It was also alleged that said sum of $600 was paid to defendant Cheroske, acting on his own behalf and on behalf of Campbell-Johnston and certain other defendants, and that Cheroske, so acting, promised that defendants would give plaintiff an option to purchase said

land for the sum of $14,600, payable as aforesaid, that Cheroske delivered the sum of $600 to defendant Campbell-Johnston, that defendants refused to give the option, to plaintiff's damage, as aforesaid, and that defendants have sold and are proceeding to sell the lots in the tract to other persons. The other defendants named were alleged to claim interests in the property. The prayer is for specific performance of the agreement, for an accounting, for the establishment of a 6/170ths interest in said tract and another tract of land, and for damages. The separate answers of defendants admitted ownership of the land by defendant Campbell-Johnston and contained complete denials of the material allegations of the complaint which we have stated. It was further alleged that since on or about March 13, 1943, lots in the tract had been sold to various and sundry purchasers, many houses had been built and other improvements made thereon, all with the knowledge of plaintiff, and that plaintiff had made no claim to the land or an interest in it until the filing of his complaint, March 1, 1946. The answers of Cheroske and Campbell-Johnston admitted the receipt of $600 from plaintiff and alleged that defendant Campbell-Johnston had previously advanced to plaintiff $1,250 and that the $600 was paid upon said indebtedness and for no other purpose.

At the trial plaintiff was represented by an attorney who was called into the case shortly before the trial, without an opportunity to familiarize himself with the issues to be tried or the evidence. At a result the court was exceedingly indulgent and allowed the trial to proceed for five full days. Plaintiff produced no written agreement or option for purchase of the property and no evidence in support of the claimed purchase except his own, uncorroborated, testimony which was sharply contradicted by the evidence of defendants in every material particular. After the appeal was taken, plaintiff substituted other counsel to represent him.

Plaintiff testified that he delivered $600 to defendant Sebald Cheroske on March 13, 1943, and that Cheroske promised that he would get an option signed by Mrs. Campbell-Johnston for the sale of the tract to plaintiff for $600 cash and the assumption of a trust deed indebtedness of $14,000; that he handed Cheroske an option form for Mrs. Campbell-Johnston to sign, that it was never signed, and no part of the $600 was returned to him. He also testified that on February 13, 1943, he had borrowed $1,250 from Mrs. Campbell-Johnston and had executed a note in that amount in favor of Sonja Husson, an

employee of Mr. Cheroske. He denied that the $600 was paid to Cheroske for credit upon the note.

Sebald Cheroske testified that he was an attorney at law and attorney in fact of Mrs. Campbell-Johnston; that he arranged the loan of $1,250 to plaintiff, for use in connection with a laundry business which plaintiff was financing in San Luis Obispo County, and that the loan was made on condition that if Geiselman was unable to lease or purchase the land upon which the laundry building stood, he was to return the borrowed money and that Geiselman promised that he would do so. He testified that Geiselman signed a statement that the $1,250 was to be used for the stated purpose, but that at Geiselman's request Cheroske consented that he might use a part of the money for expenses; that on March 15, Geiselman reported that he had been unable to clear the title; that by telephone he requested Cheroske to meet him and bring the note, stating that he wished to make a payment on the note and wished to have it credited; that Geiselman paid the sum of $600, requested that he be credited with $150 in addition for expenses he had incurred on a trip to San Luis Obispo, and that Cheroske consented to this and endorsed a credit of $750 on the note in the presence of Geiselman. The note was secured by Geiselman's chattel mortgage and contained a provision that the payee would look to the mortgaged property for payment and that there would be no personal liability of Geiselman on the note. These two witnesses were the only ones having anything to do with the arrangement of the loan and the payment of the $600.

There is not in the pleadings or in the 500 pages of reporter's transcript any suggestion of a claim upon the land or for the return of money or for damages, other than the assertion by plaintiff of the promise by Cheroske, as attorney in fact of Mrs. Campbell-Johnston, that an option would be procured from the latter for Geiselman to buy the property upon the terms we have stated. This was the issue to be tried and which was tried, although if it had been decided in plaintiff's favor there would have been incidental issues. The question was solely one of the credibility of witnesses. The court so stated toward the close of the trial and counsel agreed with the statement. In summing up the evidence on the point the court stated: ''I do not believe Mr. Geiselman and I do believe Mr. Cheroske, and that is the alpha and omega of this decision . . . I do believe from a preponderance of the evi-

dence that the $600.00 was credited upon the loan of $1250.00 and was a return of some of that money, and not for an option to this property.'' The findings were against the plaintiff and in favor of the defendant upon this issue and these findings constituted a complete determination of the litigation. There were many other findings, just as there were allegations in the complaint, which are wholly irrelevant to plaintiff's alleged cause of action.

■ Upon the appeal plaintiff attacks the sufficiency of the evidence under the following heading: ''The Findings and Judgment Based Thereon are Unsupported by the Weight and Preponderance of the Evidence.'' The argument which follows is to the general effect that plaintiff's evidence established a case for relief, followed by the statement: ''This case was never overcome by the defendants.'' An examination of the reporter's transcript enables us to say that the decision not only has support in the evidence but appears to be the only one which would have been justified.

■ Another point of appellant is: ''Defendants have failed to plead affirmatively that the $600.00 transferred from plaintiff to defendant Campbell-Johnston was in partial payment of a separate loan agreement. Evidence was erroneously admitted on this issue.'' Plaintiff alleged in his complaint that he had given the $1,250 note to Sonja Husson, Campbell-Johnston's nominee. As previously noted, the answers of Cheroske and Mrs. Campbell-Johnston alleged that the $600 was paid upon account of plaintiff's said note. Of course a denial that the $600 was paid for an option would have been sufficient to allow defendants to prove that it was paid and received for some other purpose, but the answers went further and alleged the very facts which appellant says were not alleged.

Under another heading of the brief it is claimed that the evidence does not support the findings and the findings do not support the judgment. Nothing is said under this heading which is deserving of particular attention. It is also claimed that there are irreconcilable conflicts in the findings, in that there was a finding that there was no written contract between the parties and another finding to the effect that there was a written contract. There is no finding to the latter effect. It is claimed also that there are conflicts between the findings and the admissions of the pleadings. No such conflict appears.

■ Upon a motion to advance the appeal for an early hearing and to dismiss the appeal or affirm the judgment for obvious want of merit, it has been shown to the court that many houses have been built in Tract 12955; that prior to the institution of this action some 70 houses had been sold; that all but a few of the purchasers are veterans; that many of them have paid for their properties and find their titles clouded by reason of plaintiff's *lis pendens;* that many re-sales have been arranged which cannot be concluded and that in the present action another *lis pendens* was filed clouding the title to some 85 lots in an adjoining tract, which have likewise been sold, largely to veterans, although it was not alleged in the complaint that defendant agreed to sell plaintiff all or any part of this second tract. Practically all lots in the two tracts upon which some 250 houses have been built were sold prior to the institution of the present action. It was further shown by affidavit that plaintiff has demanded that he be paid and has been paid substantial sums for re-leases from the effect of his *lis pendens* of lots in the two tracts. The cause has been advanced for early hearing, the appeal has been shown to be wholly without merit, and it satisfactorily appears that it is frivolous and was taken solely for the purpose of delay.

The judgment is affirmed, and defendants are awarded judgment against plaintiff for $100 damages for a frivolous appeal.

Wood, J., and Kincaid, J. pro tem., concurred.

A petition for a rehearing was denied July 11, 1947.